IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02493-BNB

ANTOINE BRUCE,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Antoine Bruce, is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary in Florence, Colorado. On September 12, 2013, Applicant, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. After review of the Application, Magistrate Judge Boyd N. Boland entered an order, on September 18, 2013, directing Applicant to file an Amended Application.

    Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires he go beyond notice pleading, *see Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977), and that naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action, *see Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). In keeping with Rule 4, Applicant was directed to identify the incident report number for each disciplinary action that he is challenging and to state how his rights were violated during each associated proceeding. The Court

finds Magistrate Judge Boland correctly determined that Applicant should amend the Application.

On September 20, 2013, Applicant filed a Motion to Appoint Counsel. Magistrate Judge Boland denied the Motion because the issues are not complex, the merits of the claims are questionable, and Applicant has the ability to ask prison staff for the incident report number for each disciplinary action and to state how his rights were violated in each of the associated disciplinary proceedings. The Court has reviewed the Motion to Appoint Counsel and finds Magistrate Judge Boland correctly denied the Motion.

Nothing Applicant submitted in support of the Motion meets his burden to convince the Court that the legal and factual nature of the claims are so complex he requires counsel and that he lacks the ability to investigate the facts and present his claims. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

Other BOP prisoners have submitted an "Inmate Discipline Data Chronological Record" in support of their § 2241 actions. *See Bacote v. Berkebile*, No. 13-cv-02663-BNB, ECF No. 3 at 6-49 (D. Colo Filed Sept. 30, 2013). The record is a data printout that includes a prisoner's disciplinary report history and provides the report number and a description of the offense. Applicant, therefore, has the ability to obtain the numbers of the incident reports at issue.

Although the Court does not disregard Applicant's mental illness, nothing in the Motion to Appoint Counsel indicates that he is incapable of investigating the facts and presenting his claims. The attachments to the Motion, including the psychological assessment and the correspondence from Applicant's attorney to the warden, indicate

that Applicant is capable of pursuing a GED, with certain accommodations, and utilizing the BOP administrative remedies procedure.  *See* Mot., ECF No. 6, at 4 and 9.  These determinations do not support a finding that Applicant is unable to investigate facts and present his claims.

Applicant now has failed to communicate with the Court since September 20, 2013, and to comply with Magistrate Judge Boland's September 18, 2013 Order within the time allowed.  Therefore, the action will be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to file an Amended Application and for failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperi*s on appeal is denied.

DATED at Denver, Colorado, this  25th  day of    October        , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court